Deaderice, J.,
delivered tbe opinion of tbe Court.
Tbe plaintiffs brought, an action' of trespass guare clausum fregit against defendant in tbe Circuit Court of Gibson county.
At March Term, 1870, verdict and judgment were rendered in favor of defendant, and a new trial being refused, tbe plaintiff appealed in error to .this court.
Tbe rights of tbe parties depended upon tbe ascertainment of tbe line dividing tbe Heaver’s *542 grant from the Blount grant, as they are styled, respectively, in the record.
The plaintiff claimed under Deaver’s grant and the defendant under the Blount grant.
The trespass consisted, as alleged in the declaration, in entering and cutting timber upon the land included within the boundaries of the Deaver grant. The verdict and judgment were for the defendant.
Several errors are alleged to have been committed on the trial in the rejection of testimony offered by plaintiff, as well as in the charge of the court, for which the plaintiff insists the judgment should be reversed.
First. It is insisted that defendant had proved, by Hess, that the Blounts had employed W. B. Jones to survey their grant, and that he • thereby became their agent, and that plaintiff had, therefore, the right to ask the witness “What Jones said while actually engaged in the said survey for the Blounts as to his authority to establish the lines and corners for the Blounts,” which question, upon objection by defendant, the court refused to allow the witness to answer.
We think this ruling of the court was correct.
Hess had stated that Jones surveyed the Blount grant for the Blounts in 1828, and had the Blount grant when he made the survey; and upon this statement it is insisted by plaintiff that Jones was agent for Blount, and that it was competent by proof of Jones’ declarations to show that he was *543 authorized by the Blounts to establish their lines and corners.
Assuming that Jones was agent of the Blounts, such agency, according to Hess’ testimony, extended no further than to survey the lands according to the boundaries of the Blount grant, and cannot be construed as authorizing him to establish other or different lines or corners to their prejudice.
To allow Jones’ declarations to prove his own agency to “ establish lines and corners for the Blounts,” would be an infraction of the well settled rule that an agency cannot be proved by the declarations of the supposed agent.
The mere fact that Jones was authorized to survey the land by the grant would not make what he said while surveying it admissible as part of the res gestee, to prove his authority to bind the Blounts by • the lines and corners he might mark. An agency for such purpose must be established -by evidence other tha,n the declarations of the supposed agent.
Nor was there any error in the refusal of the court to instruct the jury that “if Jones, as the agent of the Blounts, marked the hickory as their south-east corner, they would be bound by it.”
Admissions of the party in .interest, himself, as to boundary, are not conclusive upon .him, unless in certain cases where a third party has acted upon them, he may be estopped to deny them.
But it would be a most dangerous precedent, to *544 hold that a surveyor employed to run out land could bind the owner conclusively to any line or corner he might make, no matter how clearly erroneous such survey might be.
It is also insisted that the court erred in excluding from the jury evidence of the declaration made by Varner, a surveyor, since dead, in 1848, “that there was no conflict between the Deaver’s grant and the Blount grant.”
It is admissible -to prove the declaration of a surveyor or other deceased person as to where the lines or corners of a. grant -were established upon the principle now well settled in Tennessee, that boundary may be established by reputation or hearsay evidence.
But the testimony excluded does not tend to establish any particular line or corner, or designate any boundary, but the different and substantive fact that there was no conflict between the two grants, and this we hold cannot be' proved by the mode attempted.
The court allowed the statements made by both Varner and Jones, they being dead, so far as they related to the boundaries of the lands, to go to the jury, under proper instructions as to such parts of their statements as we have in this opinion declared to have been properly excluded from their consideration.
"We are, therefore, of opinion that there is no error in the record, and affirm the judgment.